WILLIAM H. ADAMS, TRUSTEE, *vs.* THE TOWN OF SEYMOUR.

The provision of the statute with regard to taxes (Comp. 1854, p. 845, sec. 27,) that "the taxable property of non-residents shall be arranged in separate assessment lists," is merely directory to the assessors, and an assessment is not invalidated by their neglect to comply with the direction.

Under the 29th section of the statute, which provides that the real and personal estate of an assigning debtor may be set in the assessment list in the name of the assigning debtor's estate, or in the name of the trustee, it seems that it would be proper, where such an estate is set in the name of the trustee, that it should be classed with estates of residents, although the trustee may be a non-resident.

It makes no difference for this purpose whether the estate has been voluntarily assigned by the insolvent debtor, or has been carried into insolvency by compulsory proceedings.

GENERAL assumpsit, to recover back money paid as a tax upon an assessment claimed to be invalid. The facts were reported by an auditor, and the case reserved by the superior court for the advice of this court. The case is sufficiently stated in the opinion.

*H. B. Munson*, for the plaintiff.

*C. R. Ingersoll*, for the defendants.

DUTTON, J.. The principal facts in this case are substantially the same as in the preceding case of *Goddard* v. *Town of Seymour*. The plaintiff's claim however has, if possible, less equity to sustain it. The property on which the tax was laid originally belonged to the New Haven Copper Company, consisting chiefly of a manufacturing establishment and dwelling houses located in the town of Seymour. The corporation was established there. It failed, was driven into insolvency, and David Goddard of Boston was appointed trustee. He, through his agent, handed in a list of the estate to the assessors, not specifying his own residence. Goddard died before completing the settlement of the estate, and the plaintiff, a resident of New York, was appointed trustee in his place. The trustee voluntarily paid to the collector, who had not in his hands at the time a legal warrant, the amount of the tax, which the collector paid into the town treasury, and this suit is brought to recover it back. It does not appear to be claimed that this property was not legally taxable in the town of Seymour. Rev. Stat., (Comp. 1854,) 846, sec. 31. The only point made in this case, which was not raised in the preceding case of *Goddard* v. *Town of Seymour*, is, that as this was real estate and the plaintiff a non-resident, the property ought to have been put into the list of non-residents, according to the requirements of the 27th section of the statute. Rev. Stat., (Comp. 1854,) 845. This provision however appears to be merely directory to the assessors and for convenience. The plaintiff does not show that he suffered by the mistake. Besides, it was owing to his own carelessness in not specifying his place of residence.

But we are not sure that the assessors did not place the assessment in the proper list. A statute provides that, in the case of an assigning debtor, the real and personal estate may be set in the list in the name of the assigning debtor's estate, or in the name of the trustee. Id., 846, sec. 29. If this had been set in the name of the assigning debtor's estate, it would have been in the proper place where it is. Ought it to be put in a different place when set in the name of the trustee? Shall the mere name in which it is entered make any differ-

ence ? This was not indeed an assigning debtor's estate, since there had been no voluntary assignment, but the equity of the statute applies equally to an insolvent estate in the hands of a trustee, where the debtor has been driven into insolvency.

Judgment should be given for the defendants.

In this opinion the other judges concurred.